HOFMANN & SCHWEITZER
Attorneys for Plaintiff
360 W. 31st Street, Suite 1506
New York, N.Y. 10001
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANTHONY WUNDER, JR.,

                               Plaintiff,

           -against-

TAPPAN ZEE CONSTRUCTORS, LLC,
TRAYLOR BROS, INC., *in personam,* and
the Tug PATRIOT and the MATERIAL
BARGE, their tackle and appurtenances, etc,
*in rem.*

                       Defendants.
------------------------------------------------------------------x

**COMPLAINT CIVIL
AND ADMIRALTY
IN PERSONAM
AND IN REM**

**Docket #**

## JURY TRIAL DEMANDED

    Plaintiff, complaining of the defendants, states, upon personal knowledge and information and belief, as follows:

## JURISDICTION

1.    The jurisdiction of this Court over this matter arises under and by virtue of the Jones Act, 46 U.S.C. §30104, the General Maritime Law and the admiralty jurisdiction of the United States under 28 U.S.C. §1333 and the rules of pendent jurisdiction. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under <u>Fitzgerald v. United States Lines Company</u>, 374 U.S. 16 (1963).

## THE PARTIES

2.   Plaintiff, ANTHONY WUNDER, JR. is and at all times relevant herein was a

seaman within the meaning of that term as used in the Jones Act, 46 U.S.C. §30104.

3.   At all times hereinafter mentioned, on or about July 15, 2016 and at all times

material hereto the plaintiff, ANTHONY WUNDER, JR. was performing the duties

of a seaman in the employ of defendant Tappan Zee Constructors, LLC.

4.   Defendant TAPPAN ZEE CONSTRUCTORS, LLC (hereinafter "TZC") is a foreign

limited liability company which does business in the state of New York and within

the jurisdiction of this Honorable Court.

5.   Defendant TRAYLOR BROS., INC. (hereinafter "TRAYLOR") is a foreign business

corporation which does business in the state of New York and within the jurisdiction

of this Honorable Court.

6.   On or about July 15, 2016 and at all times material hereto, TZC owned the Tug

PATRIOT and/or was the bareboat charterer, and/or was the owner pro hac vice

thereof, in coastwise, inter-coastal and foreign commerce.

7.   On or about July 15, 2016 and at all times material hereto, TZC operated the Tug

PATRIOT.

8.   On or about July 15, 2016 and at all times material hereto, TZC possessed the Tug

PATRIOT.

9.   On or about July 15, 2016 and at all times material hereto, TZC maintained the Tug

PATRIOT.

10.     On or about July 15, 2016 and at all times material hereto, TZC managed the Tug PATRIOT.

11.     On or about July 15, 2016 and at all times material hereto, TZC controlled the Tug PATRIOT.

12.     On or about July 15, 2016 and at all times material hereto, TZC owned the MATERIAL BARGE and/or was the bareboat charterer, and/or was the owner <u>pro hac vice</u> thereof, in coastwise, inter-coastal and foreign commerce.

13.     On or about July 15, 2016 and at all times material hereto, TZC operated the MATERIAL BARGE.

14.     On or about July 15, 2016 and at all times material hereto, TZC possessed the MATERIAL BARGE.

15.     On or about July 15, 2016 and at all times material hereto, TZC maintained the MATERIAL BARGE.

16.     On or about July 15, 2016 and at all times material hereto, TZC managed the MATERIAL BARGE.

17.     On or about July 15, 2016 and at all times material hereto, TZC controlled the MATERIAL BARGE.

18.     On or about July 15, 2016 and at all times material hereto, TRAYLOR owned the Tug PATRIOT and/or was the bareboat charterer, and/or was the owner <u>pro hac vice</u> thereof, in coastwise, inter-coastal and foreign commerce.

19.     On or about July 15, 2016 and at all times material hereto, TRAYLOR operated the Tug PATRIOT.

20.  On or about July 15, 2016 and at all times material hereto, TRAYLOR possessed the Tug PATRIOT.

21.  On or about July 15, 2016 and at all times material hereto, TRAYLOR maintained the Tug PATRIOT.

22.  On or about July 15, 2016 and at all times material hereto, TRAYLOR managed the Tug PATRIOT.

23.  On or about July 15, 2016 and at all times material hereto, TRAYLOR controlled the Tug PATRIOT.

24.  On or about July 15, 2016 and at all times material hereto, TRAYLOR owned the MATERIAL BARGE and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

25.  On or about July 15, 2016 and at all times material hereto, TRAYLOR operated the MATERIAL BARGE.

26.  On or about July 15, 2016 and at all times material hereto, TRAYLOR possessed the MATERIAL BARGE.

27.  On or about July 15, 2016 and at all times material hereto, TRAYLOR maintained the MATERIAL BARGE.

28.  On or about July 15, 2016 and at all times material hereto, TRAYLOR managed the MATERIAL BARGE.

29.  On or about July 15, 2016 and at all times material hereto, TRAYLOR controlled the MATERIAL BARGE.

30.   Venue is properly placed in the United States District Court for the Southern District of New York since the defendants maintain their place of business here, the incident occurred here, many of the witnesses are located here, and this is the most convenient place for the trial

**FIRST CAUSE OF ACTION: JONES ACT NEGLIGENCE AGAINST TZC**

31.   The jurisdiction of this Court over this first cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

32.   At all times hereinafter mentioned, on or about July 15, 2016 and at all times material hereto the plaintiff, ANTHONY WUNDER, JR. was working as a seaman employed by TZC.

33.   On or about July 15, 2016, plaintiff was assigned to the Tug PATRIOT and was performing his duties as a seaman at the rate of pay and for the term set forth in his employment agreement with TZC.

34.   On or about July 15, 2016, while assigned to the Tug PATRIOT, plaintiff boarded a MATERIAL BARGE in the performance of his duties.

35.   On or about July 8, 2015, while plaintiff was in the employ of defendant TZC, as a member of the crew of the Tug PATRIOT pursuant to orders, with the consent and knowledge of TZC and while in the performance of his duties on the MATERIAL BARGE in furtherance of the vessel owners' business, and while the vessels were in navigable waters of the Hudson River, plaintiff, because of the unsafe and unseaworthy conditions on the vessels and the negligence of defendant TZC, was caused to sustain the serious injuries more specifically set forth hereunder.

5

36.     On or about July 15, 2016, plaintiff as a member of the crew of the Tug PATRIOT and pursuant to orders, was required to handle and throw heavy mooring lines in an unsafe manner, in unsafe conditions, with insufficient assistance and equipment, and on the deck of a MATERIAL BARGE that was cluttered with obstructions, with the consent and knowledge of TZC.

37.     TZC had a non-delegable duty to provide plaintiff with a safe place to work.

38.     By reason of the negligence of the defendants, jointly and severally, the negligence of TZC and the unseaworthiness of the vessels as set forth below, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he sustained injury to his right arm that required surgery, he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

39.     Plaintiff's injuries were caused by the negligence of defendants, jointly and severally, TZC, the negligence of their agents, servants, workmen and employees and by the unseaworthiness of the vessels owned, operated and/or chartered by defendants.

6

40.   The defendants, including TZC, their agents, agents, servants and/or employees were reckless, careless negligent in failing to have seaworthy vessels; in failing to have efficient and sufficient personnel; in failing to provide proper training; in failing to have proper communication; in failing to have proper equipment; in requiring plaintiff to perform his duties in a manner which exposed him to hazards; in creating a hazard and a nuisance; in failing to warn of any dangers; in violating its internal rules and regulations; in violating applicable regulations and industry standards; in failing to provide the plaintiff with a safe place to work; and defendants were otherwise reckless, careless and negligent.

41.   By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

**SECOND CAUSE OF ACTION: UNSEAWORTHINESS AGAINST TZC AS CHARTERER OF THE VESSELS**

42.   Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

43.   The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

44.   The plaintiff was injured as a result of the unseaworthiness of the vessels, because they were not fit for their intended purpose, in that they had insufficient manning, they were improperly outfitted, improperly arranged and defectively equipped.

45.   TZC had a non-delegable duty to provide plaintiff with a safe place to work and with seaworthy vessels.

46.   By providing plaintiff with unseaworthy vessels TZC breached its non-delegable

7

duty to provide plaintiff a safe place to work.

47.   TZC breach of its non-delegable duty to provide plaintiff a safe place to work caused

plaintiff to sustain the serious injuries described above.

48.   By reason of the foregoing, plaintiff claims compensatory damages in an amount to

be determined by the trier of fact.

**THIRD CAUSE OF ACTION: UNSEAWORTHINESS AGAINST TRAYLOR AS OWNER OF THE VESSELS**

49.   Plaintiff repeats and realleges each and every of the foregoing allegations with the

same force and effect as if fully set forth and repeated herein.

50.   The jurisdiction of this Court over this third cause of action arises under and by

virtue of the Admiralty jurisdiction of the District Courts of the United States.

51.   The plaintiff was injured as a result of the unseaworthiness of the vessels that were

owned by Traylor and chartered to TZC, because they were not fit for their intended

purpose and/or were improperly outfitted and defectively equipped at the time they

were turned over to TZC.

52.   TRAYLOR had a non-delegable duty to provide plaintiff a safe place to work and

seaworthy vessels.

53.   By providing TZC and plaintiff with unseaworthy vessels TRAYLOR breached its

non-delegable duty to provide plaintiff a safe place to work.

54.   TRAYLOR's breach of its non-delegable duty to provide plaintiff a safe place to

work caused plaintiff to sustain the serious injuries described above.

55.   By reason of the foregoing, plaintiff claims compensatory damages in an amount to

be determined by the trier of fact.

**FOURTH CAUSE OF ACTION - MAINTENANCE AND CURE AGAINST TZC**

56.    Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

57.    Plaintiff claims of the defendant TZC maintenance, cure and wages, and if warranted, punitive damages and attorneys fees, in such amount as may be determined by the Court upon the following cause of action:

58.    The jurisdiction of this Court over this fourth cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

WHEREFORE, plaintiff prays that judgment be entered against the defendants, and,

1.    That a warrant of arrest issue against the Tug PATRIOT, her boilers, engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

2.    That a warrant of arrest issue against the MATERIAL BARGE, her engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

3.    That citation issue against defendants TZC, TRAYLOR, the Tug PATRIOT and the MATERIAL BARGE to appear and answer all the matters aforesaid;

4.    That this Honorable Court enter judgment for plaintiff in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

5.    That the said vessels, their boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

6.    That judgment be entered against the defendants for compensatory damages

9

in the amount found by the trier of fact, and for such maintenance, cure and wages as the

Court may determine to be due and owing upon the trial of this cause, and for such interest,

costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: New York, New York          HOFMANN & SCHWEITZER
       September 20, 2016          Attorneys for Plaintiff

                           By: _____
                                Timothy F. Schweitzer (TS2167)
                                360 W. 31st Street, Ste. 1506
                                New York, New York 10001
                                Tel: 212-465-8840